CLEVELAND BAR ASSOCIATION *v.* WALSH.

[Cite as *Cleveland Bar Assn. v. Walsh* (2002), 94 Ohio St.3d 131.]

(No. 01–1138—Submitted September 19, 2001—Decided January 9, 2002.)

---

***Per Curiam.*** On August 14, 2000, relator, Cleveland Bar Association, filed a complaint charging respondent, Theresa Walsh of Cleveland, Ohio, Attorney Registration No. 0032330, with violations of the Code of Professional Responsibility and the Supreme Court Rules for the Government of the Bar. Respondent did

not file an answer to the complaint and did not respond to correspondence relator sent to her as it investigated allegations of her misconduct. Consequently, relator filed a motion for default. The matter was referred to a master commissioner of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

According to the exhibits attached to relator's motion, in 1987 or 1988, Walter E. Woodson hired respondent to represent him in a Social Security black lung claim. Walter provided respondent with all the documents that he possessed regarding the claim. Respondent met with Walter and his wife, Violet, several times but did not file a lawsuit or take any other action to pursue Walter's claim. Walter died on April 7, 1995, but never received any benefits from this claim.

In October 1995, respondent advised Violet that Violet could file a claim for Social Security black lung widow's benefits. Violet hired respondent to represent her on this claim, and respondent provided Violet with documents to review and sign, which Violet completed and returned to respondent. Violet has not heard from respondent since then, despite respondent's promise that Violet would receive a hearing on her claim within three months and despite Violet's repeated attempts to contact respondent. Consequently, Violet requested respondent to return her and Walter's files, but respondent has not done so. Without the files, Violet is unable to determine the status of the claims or retain another attorney.

As to this grievance, the master commissioner found that respondent had violated DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1–102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law), 6–101(A)(3) (neglecting an entrusted legal matter), 7–101(A)(2) (failing to carry out contract of employment), 7–101(A)(3) (prejudicing or damaging client during course of professional relationship), and 9–102(B)(4) (failing to promptly deliver to client property in possession of lawyer that client is entitled to receive upon request of client). The master commissioner also found that respondent's failure to cooperate with the investigation violated Gov.Bar R. V(4)(G).

In 1985, respondent began representing Jonnie M. Thomas in a workers' compensation claim for carpal tunnel syndrome. Respondent communicated with Thomas for approximately ten years when Thomas became dissatisfied with respondent's representation, provoked by respondent's failure to return telephone calls. Thomas requested the return of her file from respondent, but respondent failed to comply.

The master commissioner found that respondent violated DR 9–102(B)(4) for failing to return Thomas's file, and that respondent neglected to cooperate in the investigation of her misconduct, thereby violating the previously mentioned bar

governance rule. The master commissioner recommended that respondent be indefinitely suspended from the practice of law.

The board adopted the master commissioner's findings of fact, conclusions of law, and recommendation. It recommended that the court indefinitely suspend respondent from the practice of law and tax costs to her.

We adopt the findings, conclusions, and recommendation of the board. We hereby indefinitely suspend respondent from the practice of law. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

*Shawn W. Schlesinger,* for relator.